**F I L E D**
Clerk
District Court

FEB 1 2 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**GREGORY J. KOEBEL, Esq.**
**ROBERT J. O'CONNOR, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Petitioner Claston LLC**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

MC 08 - 00007

| | | |
|---|---|---|
| **CLASTON LLC,** | ) | **PETITION TO QUASH** |
| | ) | **FORMAL DOCUMENT** |
| **Petitioner,** | ) | **REQUEST** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

1.      Pursuant to 26 U.S.C. § 982(c)(2),  Petitioner Claston LLC ("Claston")  brings this proceeding to quash the Formal Document Request dated November 15, 2007, (the "FDR") from Rosalee Hoffman, Agent for the Internal Revenue Service, to Petitioner, for documentation relating to the tax examination of Claston's U. S Return of Partnership Income (From 1065) for the tax year 2002.

2.      A copy of the FDR is attached hereto as Exhibit "A" and incorporated herein for all purposes.

3.    The FDR requests Petitioner to produce various "foreign-based documentation" as defined in § 982.

## I.

### PETITIONER

4.    Petitioner Claston is a limited liability company organized under the laws of Delaware. Claston has its principal place of business in the Commonwealth of the Northern Marianas Islands, PMB 29, Box 10001, Saipan, MP 96950.

5.    Claston's Tax Matters Partner ("TMP") is Sunset Holdings, LLC ("Sunset") a limited liability company organized under the laws of the Commonwealth of the Northern Marianas Islands with its principal place of business in the Commonwealth of the Northern Marianas Islands, PMB 29, Box 10001, Saipan, MP 96950.

6.    Sunset's managing member is John K. Baldwin ("Baldwin") a United States citizen who resides within the United States District for the Commonwealth of Northern Marianas Islands.

## II.

### RESPONDENTS

7.    Respondent is the United States of America.

8.    In this action, Respondent may be served by hand delivering a copy of this Petition to Craig Moore, United States Attorney's Office for the District of the Northern Mariana Islands, Horiguchi Building, Garapan, Saipan MP 96950; and mailing two (2) copies of this Complaint by certified mail, return receipt requested, to the Honorable Michael Mukasey, Attorney General of the United States, (Attention: Rick Ward, Tax Division), 10th and Pennsylvania Avenue, NW,

Washington, D.C. 20530; and to Rosalee Hofman (#59-00862), Internal Revenue Service, 850 Trafalgar Court, Suite 200, Stop 4366, Maitland, FL 32751.

## III.

## STATEMENT OF CLAIM

9.     This is a civil action arising pursuant to §982 of the Internal Revenue Code moving the Court to quash the FDR served upon Petitioner.

10.     In the event the Court does not quash or modify the FDR, Petitioner moves the Court for an additional forty-five (45) days from the date of denial to continue with its attempts to produce the requested foreign-based documentation.

## IV.

## JURISDICTION

11.     Respondents mailed the FDR to Petitioner, who resides in this District.  Accordingly, IRC §982(c)(2)(B) vests jurisdiction in this Court to hear and determine Petitioner's petition to quash the FDR.

12.     Similarly, IRC §982(d)(3) vests jurisdiction in this Court to hear and determine Petitioner's alternative motion for additional time to comply with the FDR.

13.     This is a civil action arising under the Constitution and laws of the United States.  Title 28, §1331, therefore, vests this Court with jurisdiction to entertain this proceeding.

## V.

## FACTUAL ALLEGATIONS

14.    On or about November 15, 2007, Rosalee Hoffman, Agent for the Internal Revenue Service, issued the FDR purporting to require production of listed documents on or before February 13, 2008.  See Exhibit "A".

15.    Respondent is currently examining Claston's U. S Return of Partnership Income (From 1065) for the tax year 2002.

16.    During the examination of Claston, Respondent served various Information and Document Requests ("IDR's") on Petitioner seeking a wide variety of data.

17.    To the extent that these IDR's called for foreign-based documentation, Petitioner has already produced such data as is under its custody and control.

18.    The FDR was improperly issued and should be quashed.

19.    The FDR is required to disclose "why previously submitted documentation is not sufficient."  The only explanation given is that "you" – defined as "MPATRN, LLC," an entity to which the FDR is not and was not directed, did not previously produce the requested documents.  This is an insufficient basis for a Formal Document Request.

20.    The instructions in the FDR are similarly flawed in that they are directed to MPATRN, LLC.

21.    The FDR also purports to seek from Petitioner foreign-based documentation that is not in Petitioner's possession or under its control.

4

22.     As Respondent is aware, the documents sought, if they exist, are either in the possession of (a) Hatteras Capital Management or its affiliates, or (b) Lojas Arapua, SA or its affiliates and Petitioner has no legal ability at this time to force any of them to produce the documents.

23.     Petitioners have made repeated requests for documents to Gramercy Advisors, LLC and Gramercy Investment Management, LLC, (collectively "Gramercy"), believed to have control over at least the Hatteras entity, and have received some documents, all of which have been provided to Respondent.

24.     Petitioner is informed and believe that (a) Gramercy is attempting to obtain documents from Lojas Arapua, SA and its affiliates, and that (b) Lojas Arapua, SA has agreed to provide and is, on a rolling basis, providing documents that may include the ones sought by Respondent.

25.     Petitioner is further informed and believes that more vigorous requests or multiple requests from multiple parties may well chill Lojas Arapua's cooperation and thus believe that is not advisable to press Lojas Arapua further now.

26.     In any event, Petitioner has no power at this time to make Lojas Arapua, or the other parties in possession of the requested foreign-based documentation do anything.

27.     In the event Petitioner and the United States eventually end up litigating over Petitioner's and/or Baldwin's tax liability, Petitioner will at that time have a venue from which to seek to obtain by subpoena from Lojas Arapua, Hatteras Capital Management and Gramercy the foreign-based documentation sought in the FDR (including by using applicable international conventions).

28.    Thus, the FDR should be quashed so that Respondents cannot attempt to use 26 USC §982(a) to preclude Petitioner from introducing into evidence any material covered by the FDR that Petitioner is able to obtain in the future.

**WHEREFORE, PREMISES CONSIDERED**, Petitioner prays that the Court enter an order quashing Respondents' FDR.  In the alternative, Petitioner prays that the Court limit the FDR to specified foreign-based documentation actually within Petitioner's possession, custody or control at this time.  Further, in the event the FDR is not granted in its entirety, Petitioner prays the Court grant an extension of time to comply with what parts of it remain in force.

Respectfully submitted,

**O'CONNOR BERMAN DOTTS & BANES**

By: _____
Gregory J. Koebel

*3461-01-080212-PetitionQuashFormalDocumentRequest*



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE AND MID-SIZE
BUSINESS DIVISION

Certified Mail No.: 7006 0100 0002 0684 3373

Agent's Office:
850 Trafalgar Court, Suite 200
Maitland, Florida 32751

Date of this letter:
November 15 , 2007

Mr. John K. Baldwin, Managing Member
Sunset Holdings, LLC, Tax Matters Person for
CLASTON LLC
PMB 29, Box 10001
Saipan, MP 96950

Person to Contact:
Rosalee Hofman
Badge # 59-00862
Telephone Number:
  321-441-2539
Refer Reply to:
  LMSB: HMT 4710 RH

### FORMAL DOCUMENT REQUEST

Dear Mr. Baldwin:

This letter, including the attachment, constitutes a FORMAL DOCUMENT REQUEST under Internal
Revenue Code section 982, and relates to documentation necessary to determine your United States tax
liability for year 2002. We are providing you with the following information, as required
by section 982.

   1.   *Time and place for production of documentation:* 11:00 A.M., February 13, 2008, at 850 Trafalgar
Court, Suite 200, Maitland, Florida 32751 or by mail postmarked before this date and sent to 850
Trafalgar Court, Suite 200, Stop 4710, Maitland, Florida 32751.

   2.   *Why previously submitted documentation is not sufficient:* You did not provide the requested
information described on Form 4564, Information Document Request, which was mailed to you at your
prior address on January 16, 2007, February 21, 2007 and again on May 7, 2007 and to the above address on
November 15, 2007.

   3.   *Description of documents requested:* The documents are those described in Section D of the
Information Document Request, which is attached and made a part of this request. If
the documents in question were originally written in a language other than English,
provide copies of the original documents together with any English translations of those
documents, if available.

   4.   *Consequences of failure to comply:* Code section 982(a) states that if a taxpayer "fails to substantially
comply with any formal document request arising out of the examination of the tax treatment of any
item (hereafter in this section referred to as the 'examined item') *before the 90th day after the date of the
mailing of such request on* motion by the Secretary, any court having jurisdiction over a civil proceeding

**Exhibit "A"**

July 11, 2007
Page 2 of 2

in which the tax treatment of the examined item in an issue *shall prohibit the introduction by the taxpayer of any foreign-based documentation covered by such request.*

Further, if the requested items are not received before the 90th day after the date of the mailing of this Formal Document Request, the purported contributions to CLASTON, LLC from foreign contributors will be considered without merit, and any claimed tax benefits and attributes from this transaction, will be disallowed in full for 2002. Thus, under the provisions of section 982, you will lose your opportunity to present any of the requested documents to any court having jurisdiction to adjudicate your case in a civil proceeding.

We further advise you that Code section 982(c)(2) allows you to bring a proceeding to quash a Formal Document Request not later than the 90th day after the day such request was mailed. You may institute such a proceeding in the United States District Court for the district in which you reside or are found. Under Code section 7701(a)(39), any citizen or resident of the United States who does not reside in (and is not found in ) any United States judicial district shall be treated as residing in the District of Columbia for purposes of any provision of the Internal Revenue laws relating to jurisdiction of courts or enforcement of summons. Should you institute a proceeding to quash, the running of the 90-day period for complying with this Formal Document Request shall be suspended while the proceeding is pending. In a proceeding to quash, section 982 also allows the Secretary of the Treasury to seek to compel compliance with the Formal Document Request.

We urge you to promptly comply with this Formal Document Request.

Sincerely yours,

Rosalee Hofman
Internal Revenue Agent

Attachment:
IDR # 2, Section D

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods<br>ended 12-31-2002 |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

## ATTACHMENT TO FORMAL DOCUMENT REQUEST DATED AUGUST 10, 2007

### INSTRUCTIONS

Unless otherwise specified, the requests pertain to the taxable years 2002 and/or any portion thereof and cover events, transactions, and occurrences during the period beginning January 1, 2002 through the present time.

Unless otherwise specified, provide the original, signed, and dated documents. If originals cannot be obtained, provide signed and dated copies, along with a statement showing the name, address, and current telephone number of the custodian of the original documents requested. If any of the responsive documents have been disposed of or destroyed, state when such document was disposed of or destroyed, state the reason the document was disposed of or destroyed, the identity of the person disposing of or destroying the documents, and identify all persons that may have possession of such documents. If you are unable to locate documents, state with specificity the efforts made to locate the documents and the reasons such documents are unavailable. If the requested documents do not exist, state so. If the requested documents exist but are not available to you, state where such documents are located and provide the identity of the custodian.

Each document provided in response to this IDR should be an original document in the language in which the document was originally created and, if the language of creation was not English, an English translation.

If the documents are not in your possession, indicate the name, address and telephone number of the person in whose possession the documents were in when you last saw them.

| Information Due By<br>2/27/2006 | At Next Appointment | | Mail In | X | |
|---|---|---|---|---|---|
| FROM | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent 59-00862 | | | Date:<br>1/24/2006 |
| | Office Location:<br>850 Trafalgar Court, Suite 200<br>Maitland, Florida 32751 | Phone (321) 441-2583<br>FAX (321) 441-2583 | | Page 1 |

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods ended 12-31-2002 |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

If a privilege is being claimed with respect to any requested document or information, state with specificity the nature of the privilege and the extent of all allegedly privileged matters. If you object to producing only part of a document, provide a redacted copy and retain the original for review by a court. With respect to each allegedly privileged document, or portion of a document, provide the following:

1. General nature and description of the document withheld and the number of the request to which the production of the documents would otherwise be responsive;

2. Date appearing on the document, or if it has no date, the date or approximate date that the document was created;

3. Name and title of the document's author, and if different, the person who signed the document;

4. Name, title and address of the addressee of the document;

5. Names, titles and addresses of all recipients other than the addressee who received or were otherwise shown the document or a copy thereof at any time;

6. The identity of the person having or who may have present knowledge, possession, custody, or control of such document or a copy thereof;

7. Whether or not any draft, copy, or reproduction of such document contains any postscripts, notation, change, or addendum not appearing on the document itself, and if so, a description of each such draft, copy or reproduction;

| Information Due By<br>2/27/2006 | | At Next Appointment | | Mail In | X |
|---|---|---|---|---|---|
| FROM | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent  59-00862 | | | Date:<br>1/24/2006 | |
| | Office Location:<br>850 Trafalgar Court, Suite 200<br>Maitland, Florida 32751 | Phone (321) 441-2583<br>FAX (321) 441-2583 | | Page 2 | |

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods<br>ended 12-31-2002· |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

8. The identity, control number, file number, title, or label used by the custodian of the document to identify it for retrieval or production.

## DEFINITIONS

The term "**you**" and "**your**" refers to MPATRN LLC and/or any entity owned and/or controlled, directly or indirectly, by **MPATRN LLC**.

The term "**option transaction**" refers to all option transactions, swap transactions, straddles, notional principal contracts or similar contracts, and/or any combination of steps, elements or portions thereof engaged in by or on behalf of you and/or any entity owned and/or controlled, directly or indirectly, by you during or prior to 2002, **and 2003.**

The term "**distressed asset transaction**" refers to all distressed asset or distressed debt transactions engaged in by or on behalf of you and/or any entity owned and/or controlled, directly or indirectly, by you during or prior to 2002.  The terms "distressed asset" and "distressed debt" are interchangeable. These terms include any asset having a basis to the contributing partner that exceeds the fair market value of the asset on the date it was contributed to the partnership.  These terms include, but are not limited to, devalued/distressed stocks or securities, non performing loans, accounts or notes receivable or a pool of accounts or notes receivable considered delinquent, slow, or partially or fully worthless.

The term "**the Transaction**" refers to the option transaction, the distressed asset transaction and/or any combination of steps, elements or portions thereof engaged in by or on behalf of you and/or any entity owned and/or controlled, directly or indirectly, by you during or prior to 2002, **and 2003.**

| Information Due By<br>2/27/2006 | At Next Appointment | | Mail In | | X |
|---|---|---|---|---|---|

| | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent  59-00862 | Date:<br>1/24/2006 |
|---|---|---|
| FROM | Office Location:<br>850 Trafalgar Court, Suite 200      Phone (321) 441-2583<br>Maitland, Florida 32751          FAX (321) 441-2583      Page 3 | |

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods ended 12-31-2002 |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

The term **"document"** is any writing under Rule 1001(1) of the Federal Rules of Evidence, including, without limitation memoranda, agreements, papers, correspondence, notes, studies, graphs, diagrams, photographs, charts, projections, tabulations, analyses, questionnaires and responses, work papers, summaries, data sheets, reports, statistical or informational accumulations, data processing cards or worksheets, computer stored and generated documents, computer databases, computer disks and formats, machine readable electronic files or records maintained on a computer, telexes, telegrams, electronic mail (commonly referred to as "e-mail"), and similar or related documents and materials.

## INFORMATION REQUESTED

Please provide the information requested in the following section:

### D. The Distressed Asset Transaction

1. All documents, of whatever kind or description, evidencing the existence of each distressed asset, including but not limited to each non performing loan or account receivable contributed to **MPATRN LLC by Lojas Arapua SA, and in turn to CLASTON, LLC,** or any other entity during 2002 including any note or other agreement to pay the amount in question, the relevant portion of the original books of entry recording the creation of the obligation in question, any credit application and agreement signed by the person(s) owing the receivable, any credit report(s) obtained for the purpose of determining the buyer's creditworthiness, and any document evidencing the creation of a security interest in any collateral to secure payment of the receivable.

2. All documents reflecting any entry made to any account with respect to each distressed asset, including but not limited to any contributed non performing loan or accounts receivable; and, without limiting the generality of the foregoing, the date and amount of any debits made at the time of and subsequent to the creation of the account and credits to the account from any

| Information Due By<br>2/27/2006 | At Next Appointment | | Mail In | X |
|---|---|---|---|---|

| | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent 59-00862 | Date:<br>1/24/2006 |
|---|---|---|
| FROM | Office Location:<br>850 Trafalgar Court, Suite 200<br>Maitland, Florida 32751 | Phone (321) 441-2583<br>FAX (321) 441-2583     Page 4 |

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods ended 12-31-2002 |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

source, including partial payment, credits for returns, and credits reflecting the charge-off of the each distressed asset or account receivable.

3.  All documents with respect to each distressed asset, including but not limited to any contributed non performing loan or accounts receivable, sufficient to establish and describe the method of accounting employed by the original creditor in sufficient detail to establish whether the creditor maintained its books and accounted for sales and accounts receivable on a cash, accrual or hybrid method of accounting and whether the method employed by the creditor to account for income, accounts receivable and bad debts differed in any material respect from the generally accepted accounting principles in use in the country where the contributor of the distressed asset had its principal place of business at the time of contribution.

4.  All documents with respect to each distressed asset, including but not limited to any non performing loan or contributed accounts receivable, sufficient to describe the procedures generally employed by the original creditor with respect to the extension of credit on the sales of merchandise or services, including documents to be executed by each buyer, and the procedures to follow to determine the creditworthiness of each potential buyer.

5.  All documents with respect to each distressed asset, including but not limited to any contributed non performing loan or accounts receivable, sufficient to describe the original creditor's efforts to assure timely payment of outstanding obligations, including the criteria to be taken into account to determine that an account is delinquent, slow, or partially or fully worthless.

6.  All documents with respect to each distressed asset, including but not limited to any non performing loan or contributed accounts receivable, generated by the original creditor in an attempt to enforce the collection of each contributed asset, or received by the original creditor

| Information Due By<br>2/27/2006 | At Next Appointment | | Mail In | X |
|---|---|---|---|---|

| FROM | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent 59-00862 | Date:<br>1/24/2006 |
|---|---|---|
| | Office Location:<br>850 Trafalgar Court, Suite 200<br>Maitland, Florida 32751 | Phone (321) 441-2583<br>FAX (321) 441-2583    Page 5 |

| Form 4564 | Department of the Treasury<br>Internal Revenue Service<br>Information Document Request | Request Number<br>2 |
|---|---|---|

| To:<br>CLASTON, LLC<br>20 DAYTON AVENUE<br>GREENWICH, CT 06830 | Subject: Examination – Form 1065 for periods<br>ended 12-31-2002 |
|---|---|
| | Submitted to:<br>Hatteras Capital Management, TMP |
| | Dates of Previous Requests:<br>N/A |

**Description of Documents Requested:**

from the customer or any other person acting on the customer's behalf in connection with that effort.

7.  All documents beginning with the original creditor/owner of the distressed asset and continuing through **CLASTON LLC** evidencing notification to the original debtor that the original debtor's account was transferred, assigned, or sold to **CLASTON LLC, or other investors.**

8.  All documents furnished to or by **CLASTON LLC** in connection with any proposal that **Lojas Arapua SA or other investors** contribute the distressed assets to **MPATRN LLC**, in return for an interest in **MPATRN LLC** specifically including any documents purporting to value the distressed assets.

9.  All documents discussing or purporting to arrive at any valuation of each distressed asset upon contribution to **MPATRN LLC** including but not limited to valuation methods and formulas, computations, spreadsheets, assumptions, summaries and other documents related to the calculation of the valuation of the distressed asset.

10.  All documents evidencing or memorializing the assignment, cancellation, termination and/or exchange of any distressed asset with any party after initial contribution to **MPATRN LLC.**

| Information Due By<br>2/27/2006 | At Next Appointment | | Mail In | X |
|---|---|---|---|---|

| | Name and Title of Requestor<br>Rosalee Hofman, Internal Revenue Agent  59-00862 | Date:<br>1/24/2006 |
|---|---|---|
| FROM | Office Location:<br>850 Trafalgar Court, Suite 200      Phone (321) 441-2583<br>Maitland, Florida 32751             FAX (321) 441-2583      Page 6 | |